# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: May 3, 2019

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| LESLIE STEPHENS MCKENZIE, as Personal Representative of the Estate of NATHANIEL J. BOONE, | \* \* \* \* | No. 16-1191V |
| Petitioner, | \* \* | Special Master Sanders |
| v. | \* \* | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* | Stipulation for Award; Influenza ("flu") Vaccine; Meningococcal Vaccine; Transverse Myelitis ("TM") |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Nancy Routh Meyers*, Ward Black Law, Greensboro, NC, for Petitioner.
*Glenn A. MacLeod*, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION[1]

On September 23, 2019, Nathaniel J. Boone ("Mr. Boone") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10–34 (2012); ECF No. 1. The petition alleged that the influenza ("flu") and meningococcal vaccines Mr. Boone received on October 28, 2013, caused him to suffer from transverse myelitis ("TM"). *See* Stip. at 2, ECF No. 52. While the petition was pending, Mr. Boone was substituted by Leslie Stephens McKenzie ("Petitioner"), as Personal Representative of the Estate of Mr. Boone, upon Mr. Boone's death.[3]

On May 3, 2019, the parties filed a stipulation in which they stated that a decision should

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the Internet**. As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).
[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).
[3] By Order dated March 27, 2018, the undersigned granted Petitioner's motion to substitute Mr. Boone as Petitioner in the above-captioned case. *See* ECF No. 39.

be entered awarding compensation to Petitioner. *Id.* Respondent denies that the flu or meningococcal vaccines caused Mr. Boone's alleged TM or his death. *Id.* Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

> a. **A lump sum of $25,000.00, which amount represents reimbursement of a lien for services provided to Mr. Boone from the State of North Carolina, in the form of a check payable jointly to [P]etitioner and**
>
> > **NC Division of Health Benefits**
> > **Office of the Controller**
> > **2022 Mail Service Center**
> > **Raleigh, NC 27699-2022**
>
> **Petitioner agrees to endorse this payment to the State of North Carolina; and**
>
> b. **A lump sum of $150,000.00 in the form of a check payable to [P]etitioner . . . represent[ing] compensation for all other damages that would be available under 42 U.S.C. § 300aa-15(a).**

*Id.*

The undersigned approves the requested amounts for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

> s/Herbrina D. Sanders
> Herbrina D. Sanders
> Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                        *
LESLIE STEPHENS MCKENZIE, as            *
Personal Representative of the Estate of *
NATHANIEL J. BOONE,                     *
                                        *
           Petitioner,                  *
                                        *
v.                                      *    No. 16-1191V (ECF)
                                        *    SPECIAL MASTER
                                        *    HERBRINA D. SANDERS
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
           Respondent.                  *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## STIPULATION

The parties hereby stipulate to the following matters:

1. On or about September 23, 2016, Nathaniel J. Boone ("Mr. Boone") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly resulting from Mr. Boone's receipt of the trivalent influenza ("flu") and meningococcal vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a). Following Mr. Boone's death on February 11, 2018, Leslie Stephens McKenzie, as Personal Representative of the Estate of Nathaniel J. Boone, was substituted as petitioner on March 27, 2018.

2. Mr. Boone received the flu vaccine and meningococcal vaccine on or about October 28, 2013.

3. The vaccines were administered within the United States.

4. Petitioner alleges that Mr. Boone suffered Transverse Myelitis (TM) as a result of the administration of the flu and meningococcal vaccines he received on or about October 28, 2013.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Mr. Boone's behalf as a result of his alleged injury.

6. Respondent denies that the flu or meningococcal vaccine caused Mr. Boone to suffer TM or any other injury, or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $25,000.00, which amount represents reimbursement of a lien for services provided to Mr. Boone from the State of North Carolina, in the form of a check payable jointly to petitioner and
>
> > NC Division of Health Benefits
> > Office of the Controller
> > 2022 Mail Service Center
> > Raleigh, NC 27699-2022

Petitioner agrees to endorse this payment to the State of North Carolina; and

> b. A lump sum of $150,000.00 in the form of a check payable to petitioner, as Legal Representative of the Estate of Nathaniel J. Boone, representing compensation for all other damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42

Page 2 of 6

U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Nathaniel J. Boone's estate under the laws of the State of North Carolina. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of Mr. Boone's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Nathaniel J. Boone, at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Nathaniel J. Boone upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as Legal Representative of the Estate of Nathaniel J. Boone, and on

behalf of Mr. Boone's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Boone resulting from, or alleged to have resulted from, the flu and/or meningococcal vaccinations administered on or about October 28, 2013, as alleged in a petition for vaccine compensation filed on or about September 23, 2016, in the United States Court of Federal Claims as petition No. 16-1191V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu and/or meningococcal vaccinations caused Mr. Boone to suffer TM or any other injury or his death.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representative of the Estate of Nathaniel J. Boone.          END OF STIPULATION

Respectfully submitted,

PETITIONER:

*Leslie Stephens McKenzie*

LESLIE STEPHENS MCKENZIE

ATTORNEY OF RECORD FOR PETITIONER:

*Nancy Meyers*

NANCY ROUTH MEYERS, ESQ.
Ward Black Law
208 West Wendover Avenue
Greensboro, NC 27401
Tel: (336) 333-2244

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*Catharine E. Reeves*

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*Ward Sorensen for*

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop-08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*Glenn A. Macleod*

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4122

Dated: 5/2/19